1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11   GIBRAN KHALIL EDWARDS,          )  Case No. CV 11-8726 VAP(JC)
                                     )
12                      Petitioner,  )
                                     )
13              v.                   )  ORDER SUMMARILY DISMISSING
                                     )  PETITION FOR WRIT OF HABEAS
14   T. VIRGA,                       )  CORPUS
                                     )
15                      Respondent.  )
                                     )
16   _____ )

17   **I.    SUMMARY**

18          On October 21, 2011, Gibran Khalil Edwards ("petitioner"), a state prisoner

19   who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the

20   "Petition") with exhibits ("Petition Exhibits" or "Petition Ex.").  Petitioner appears

21   to challenge a conviction in the Los Angeles County Superior Court.  (Petition at

22   2).  It plainly appears from the face of the Petition and the attached exhibits, that

23   petitioner is not entitled to relief at this time because petitioner's claim – which,

24   though framed as four claims, appears to assert a single claim of ineffective

25   assistance of counsel based upon counsel's failure to raise petitioner's mental

26   health issues at trial – has not been presented to the California Supreme Court and

27   the Petition is wholly unexhausted.  Accordingly, the Petition is dismissed

28   ///

1  pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

2  District Courts.[1]

3  **II.    DISCUSSION**

4  　　A federal court will not grant a state prisoner's petition for writ of habeas

5  corpus unless it appears that the prisoner has exhausted available state remedies.

6  28 U.S.C. § 2254(b), (c); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>O'Sullivan v.</u>

7  <u>Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Park v. California</u>, 202 F.3d 1146, 1150 (9th

8  Cir.), <u>cert. denied</u>, 531 U.S. 918 (2000).  "For reasons of federalism, 28 U.S.C.

9  § 2254 requires federal courts to give the states an initial opportunity to correct

10 alleged violations of its prisoners' federal rights." <u>Kellotat v. Cupp</u>, 719 F.2d

11 1027, 1029 (9th Cir. 1983) (citation omitted).

12 　　Exhaustion requires that the prisoner's contentions be fairly presented to the

13 highest court of the state.  <u>Davis v. Silva</u>, 511 F.3d 1005, 1008 (9th Cir. 2008)

14 (citation omitted); <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir.), <u>cert. denied</u>, 513 U.S.

15 935 (1994).  A claim has not been fairly presented unless the prisoner has

16 described in the state court proceedings both the operative facts and the federal

17 legal theory on which his claim is based.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-

18 66 (1995) (per curiam); <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982) (per curiam);

19 <u>Scott v. Schriro</u>, 567 F.3d 573, 582 (9th Cir.) (per curiam), <u>cert. denied</u>, 130 S. Ct.

20 1014 (2009); <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999).

21 　　Petitioner has the burden of demonstrating he has exhausted available state

22 remedies.  <u>See, e.g.</u>, <u>Williams v. Craven</u>, 460 F.2d 1253, 1254 (9th Cir. 1972) (per

23 curiam); <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir.), <u>cert. denied</u>, 522 U.S.

24

25 　　　[1]Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

26 requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

27 the district court. . . ."   Federal courts are permitted to raise exhaustion problems *sua sponte*.

28 <u>See</u> <u>Stone v. San Francisco</u>, 968 F.2d 850, 856 (9th Cir. 1992), <u>cert. denied</u>, 506 U.S. 1081 (1993) (citing <u>Granberry v. Greer</u>, 481 U.S. 129, 134 (1987)).

833 (1997); <u>Rollins v. Superior Court</u>, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).  In the present proceeding, petitioner affirmatively represents that he has not presented his current claim to the California Supreme Court.  (Petition at 5-6).  The Petition Exhibits reflect that the petition for review presented by petitioner to the California Supreme Court on direct appeal did not include his current claim.   The Petition does not reflect that petitioner has otherwise sought relief from the California Supreme Court (Petition at 4-5), and a review of California Supreme Court dockets, available at http://appellatecases. courtinfo.ca.gov, confirms that to date, petitioner has not otherwise sought relief from the California Supreme Court. The Petition Exhibits further reflect that on or about October 5, 2011, petitioner executed a state habeas petition directed to the Los Angeles County Superior Court which asserts that petitioner was deprived of the effective assistance of counsel because his trial counsel did not raise petitioner's mental health issues at trial – apparently the same claim petitioner raises in the instant federal Petition.  (Petition Ex.).  Accordingly, it plainly appears from the face of the Petition and the Petition Exhibits that petitioner cannot meet his burden to demonstrate that he has exhausted his claim.

The Court notes that the exhaustion requirement may be satisfied if a petitioner's unexhausted claim is clearly procedurally barred under state law.  <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989); <u>Johnson v. Zenon</u>, 88 F.3d 828, 831 (9th Cir. 1996).  In this case, however, it is not "clear" that the California Supreme Court would deem petitioner's claim procedurally barred under state law if he were to raise it in a habeas petition in the California Supreme Court.  <u>See</u> <u>In re Harris</u>, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); <u>People v. Sorenson</u>, 111 Cal. App. 2d 404, 405 (1952) (claims that

///

3

fundamental constitutional rights have been violated may be raised by state habeas petition).[2]

Once a Court determines that a habeas petition contains only an unexhausted claim, it may dismiss the petition for failure to exhaust.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Accordingly, because the Petition in this case contains only an unexhausted claim, dismissal thereof is appropriate.

**III.   ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed and that Judgment be entered accordingly.

DATED: October 28, 2011_

_____
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:[3]

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

_____

[2]This Court expresses no opinion regarding whether consideration of a state habeas petition might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993).  The California Supreme Court should evaluate the matter in the first instance.  Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claim.  See, e.g., Park, 202 F.3d at 1151-52.

[3]Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.